UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 12-12043 PBS

| | |
|---|---|
| GEORGE W. GILLIS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>BRIAN CLARK and ROBERT )<br>KIMBALL, )<br>)<br>    Defendant. ) | AMENDED COMPLAINT<br><br>PLAINTIFF CLAIMS<br>TRIAL BY JURY |

General Allegations

1. The plaintiff George Gillis is an individual with a usual place of residence in Norton, Bristol County, Commonwealth of Massachusetts.

2. The defendant Brian Clark is an individual with a usual place of residence in Norton, Bristol County, Commonwealth of Massachusetts.

3. The defendant Robert Kimball is an individual with a usual place of residence in Norton, Bristol County, Commonwealth of Massachusetts.

4. The plaintiff brings the instant cause of action for intentional infliction of emotional distress, and for interference with his right to free speech as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Articles I, IV,

and XIX of the Massachusetts Declaration of Rights, and brings this action pursuant to General Laws Chapter 12, Section 11H-I.

Factual Allegations

5. On or about December 9, 2008, the plaintiff George Gillis was charged with motor vehicle homicide based upon an accident at a construction site in Westwood, Massachusetts.

6. That the plaintiff George Gillis was eventually acquitted by a jury which found him not guilty of all charges.

7. During the course of the investigation and defense of this case Mr. Gillis became aware of information leading him to believe that the defendant Brian Clark was involved in making the decision of charging Mr. Gillis with motor vehicle homicide.

8. That prior to Mr. Gillis being charged with the above-described event, there had been a long history of bad-blood and hard feelings between the plaintiff Gillis and the defendant Clark. This hostile relationship arose from actions taken by the defendant Clark while acting as police chief of the Town of Norton.

9. That the plaintiff has at various times exercised his right to freedom of speech by placing signs contending that the defendants Clark and Kimball are corrupt.

10. That on or about May 7, 2012, the defendant Clark confronted the plaintiff in an intimidating and threatening manner in an effort to force the plaintiff from expressing his opinion that the town officials were corrupt.

11. That on a separate occasion during the summer of 2012, the defendant Kimball likewise confronted the plaintiff in a threatening manner and threatened to sue the plaintiff if he did not stop expressing his opinion that he was corrupt.

12. That in so doing the defendants each violated the plaintiff's civil rights and did deliberately and intentionally cause the plaintiff to suffer severe emotional distress.

<u>Count I</u>        <u>George Gillis's Cause of Action Against The Defendant Brian Clark For A Violation of His Civil Rights</u>

13. The plaintiff George Gillis repeats the allegations contained in paragraphs one through twelve of the instant Complaint.

14. That the defendant Brian Clark did deliberately and intentionally use threats and intimidation in an effort to coerce the plaintiff from the lawful exercise of his freedom of speech.

15. That by so doing the defendant Brian Clark did violate the plaintiff's civil rights.

16. That as a direct and proximate result of the defendant's conduct the plaintiff's right to free speech was impeded and the plaintiff suffered mental anguish and emotional distress.

Wherefore the plaintiff George Gillis demands judgment against the defendant Brian Clark in an amount as the evidence might prove at trial plus interest costs and attorney's fees, as well as punitive or treble damages and whatever other relief may be deemed necessary.

Count II    George Gillis's Cause of Action Against The Defendant Brian Clark
            for the Intentional Infliction of Emotional Distress

17. The plaintiff George Gillis repeats the allegations contained in paragraphs one through sixteen of the instant Complaint.

18. That the defendant Brian Clark did confront, threaten and attempted to intimidate the plaintiff and in doing so did intentionally and deliberately inflict emotional distress upon the plaintiff George Gillis.

Wherefore the plaintiff George Gillis demands judgment against the defendant Brian Clark in an amount as the evidence might prove at trial, plus interest, costs, and attorney's fees.

Count III   George Gillis's Cause of Action Against The Defendant Robert Kimball
            For A Violation of His Civil Rights

19. The plaintiff George Gillis repeats the allegations contained in paragraphs one through twelve of the instant Complaint.

20. That the defendant Robert Kimball did confront the plaintiff George Gillis in a public place and did deliberately and intentionally use threats and intimidation in an effort to coerce the plaintiff from the lawful exercise of his freedom of speech.

21. That in so doing the defendant did violate the plaintiff's civil rights.

22.. That as a direct and proximate result of the defendant's conduct the plaintiff's right to free speech was impeded and the plaintiff suffered mental anguish and emotional distress.

Wherefore the plaintiff George Gillis demands judgment against the defendant Robert Kimball in an amount as the evidence might prove at trial plus interest costs and attorney's fees, as well as punitive or treble damages and whatever other relief may be deemed necessary.

<u>Count IV</u>     <u>George Gillis's Cause of Action Against The Defendant Robert Kimball for the Intentional Infliction of Emotional Distress</u>

21. The plaintiff George Gillis repeats the allegations contained in paragraphs one through sixteen of the instant Complaint.

22. That the defendant Robert Kimball did confront, threaten and attempted to intimidate the plaintiff and in doing so did intentionally and deliberately inflict emotional distress upon the plaintiff George Gillis.

Wherefore the plaintiff George Gillis demands judgment against the defendant Robert Kimball in an amount as the evidence might prove at trial, plus interest, costs, and attorney's fees.

                            Respectfully Submitted,
                            The Plaintiff,
                            By His Attorney,

                            /s/Edward J. McCormick, III
                            Edward J. McCormick, III
                            McCormick & Maitland
                            Suite Six – Hayward Manor
                            195 Main Street
                            Franklin, MA  02038
                            (508) 520-0333
                            BBO# 329780

CERTIFICATE OF SERVICE

I, Edward J. McCormick III, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.